KLITZNER INDUSTRIES, INC. d/b/a
the Historic Providence Mint

v.

H.K. JAMES & COMPANY, INC. d/b/a
International Monetary Mint.

Civ. A. No. 82–1243.

United States District Court,
E.D. Pennsylvania.

Jan. 28, 1983.

---

**19.** Individual notice can be given by a first class mailing. *See Piel v. National Semiconductor Corp., supra* at 375.

Jerome J. Shestack, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Hugh Scott, Barnett & Alagia, Washington, D.C., for plaintiff.

Richard M. Meltzer, Malis, Tolson & Malis, Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

■ Plaintiff Klitzner Industries, Inc. has moved this Court pursuant to Fed.R. Civ.P. 15(a) for leave to amend its complaint in this action. Plaintiff's complaint currently sets forth allegations of copyright infringement, unfair competition, and violation of the National Stamping Act, 15 U.S.C. §§ 291 *et seq.* against H.K. James & Company, Inc. and seeks injunctive and monetary relief. Plaintiff seeks to amend the complaint to add as defendants Michael H. Waldman, Marvin Mankin, and David Geller, on the grounds that "both formal and informal proceedings in this case" have revealed that these individuals "are either principals of defendant H.K. James & Co., Inc. d/b/a International Monetary Mint or possess such interests in Defendant that they ought to be parties to this action within the meaning of Rule 19(a) of the Federal Rules of Civil Procedure." Plaintiff alleges in its proposed amended complaint that these individuals "control the operations and assets" of defendant James and states in its memorandum supporting its motion to amend that because of this control "these newly named defendants should be before the Court to insure that plaintiff can obtain full relief from the statutory violations alleged in the Amended Complaint." Because these allegations are not sufficient to require the joinder of the three named individuals under Rule 19 as necessary parties or to state a claim against them, plaintiff's motion will be denied.

■ Rule 19(a)(1) contemplates joinder of an absent person if "in his absence complete relief cannot be accorded among those already parties." An allegation that a defendant is an officer or director of a corporation is not generally sufficient to render that individual a necessary or indispensable party to an action involving the corporation under Rule 19. 7 C. Wright & A. Miller, Federal Practice and Procedure § 1615 at

163 (1972). *See Anrig v. Ringsby United,* 603 F.2d 1319, 1325–26 (9th Cir.1978); *Castner v. First National Bank of Anchorage,* 278 F.2d 376, 384 (9th Cir.1960). The same rule applies to the corporation's shareholders, including those with a controlling interest in the corporation. *See Wylain, Inc. v. Kidde Consumer Durables Corp.,* 74 F.R.D. 434 (D.Del.1977). Plaintiff's allegation that the joinder of the named individuals is necessary "to insure that plaintiff can obtain full relief" from the violations alleged in its complaint merely paraphrases Rule 19(a)(1) and does not set forth any basis upon which the Court could determine that complete injunctive and monetary relief could not be obtained from the defendant corporation in the event of a judgment for the plaintiff in this action. There has been no allegation, for example, that defendant's compliance with the preliminary injunction issued by the Court in this action was in any way hampered by the fact that the individuals sought to be named as defendants were not parties at that time. Nor have the plaintiffs made any allegations indicating a basis for disregarding the corporate form of the defendant in order to hold the individuals sought to be named as defendants personally liable for the corporation's wrongdoing. We cannot, therefore, based on the plaintiff's allegations, find that the individuals sought to be named as defendants are necessary parties to this action under the standard set forth in Rule 19.

In order to state a claim that the individuals sought to be named as defendants are personally liable for the alleged conduct of the corporation, plaintiff must, under the holdings of the Third Circuit, allege that these individuals personally took part in tortious conduct, or specifically directed other officers, agents, or employees of the corporation to commit the acts. *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3d Cir.1978); *Donner v. Tams-Witmark Music Library, Inc.,* 480 F.Supp. 1229, 1233 (E.D. Pa.1979). Since plaintiff's claims of copyright infringement and unfair competition in the present case are "essentially tortious in nature", *Donner,* 480 F.Supp. at 1233; *See Costello Publishing Co. v. Rotelle,* 670 F.2d 1035, 1043 (D.C.Cir.1981); *Max Daetwyler Corp. v. Input Graphics, Inc.,* 541 F.Supp. 115, 116 (E.D.Pa.1982), this rule of joint tortfeasor liability of corporate officers applies to this case. Plaintiff thus need allege that the individuals sought to be named as defendants either personally committed, induced, directed or contributed to the acts or omissions forming the basis of plaintiff's claim or determined the policies which resulted in the acts or omissions complained of. Under this standard, plaintiff's allegations are not sufficient to state a cause of action against the individuals sought to be named as defendants. The standard clearly contemplates more than merely an allegation that these individuals control the operations and assets of the corporations; it requires some allegation of their involvement in or connection with the tortious activity which forms the basis of plaintiff's complaint. Plaintiff's allegations are thus insufficient to state a claim that the individuals sought to be named as defendants in this action are personally liable for the infringement.

The standards adopted by the majority of the courts in other circuits which have considered the individual liability of officers of infringing corporations are, we believe, consistent with the standard set forth above. *See Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Assn.,* 423 F.Supp. 341 (D.Mass.1976) *aff'd* 554 F.2d 1213 (1st Cir.1977); *Warner Bros., Inc. v. O'Keefe,* 468 F.Supp. 16 (S.D.Iowa 1977); *Burwood Products v. Marsel Mirror and Glass Products, Inc.,* 468 F.Supp. 1215 (N.D. Ill.1979); *Tempo Music, Inc. v. International Good Music, Inc.,* 143 U.S.P.Q. 67 (W.D. Wash.1964) *aff'd* 372 F.2d 1 (9th Cir.1967), *cert. denied,* 389 U.S. 1045, 88 S.Ct. 761, 19 L.Ed.2d 838 (1968); 3 M. Nimmer, Nimmer on Copyright § 12.04[A] at 12–42, 43 (1982). We note that the Second Circuit has adopted an expansive rule of vicarious liability for copyright infringement, holding that a person is liable for the infringing activity of another whenever he had the right and ability to supervise the infringing activity and also had a direct financial interest in

such activity. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971); *See Donner,* 480 F.Supp. at 1234 n. 4. This rule has been applied to impose individual liability on corporate officers. *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 913 (D.Conn. 1980); *Lottie Joplin Thomas Trust v. Crown Publishers,* 456 F.Supp. 531, 537 (S.D.N.Y. 1977), *aff'd* 592 F.2d 651 (2d Cir.1978). Even were we to apply this rule, plaintiff's allegations concerning the control over the corporation exercised by the individuals sought to be named as defendants, which do not set forth allegations concerning these individuals' acts, omissions or supervisory responsibilities with regard to the infringing activity but rather are grounded in an alleged concern over the ultimate availability of relief, would not be sufficient to state a cause of action.

■ The granting of leave to amend a complaint rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Skehan v. Board of Trustees of Bloomsburg State College,* 590 F.2d 470, 492 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). While Rule 15(a) states that leave to amend "shall be freely given when justice so requires," leave should be denied when the proposed amendment would not sufficiently set forth a claim upon which relief could be granted, so that the amendment would be a futile act. *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 545–46 (5th Cir.1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21 (6th Cir.1980); *Starkey v. Minnesota Mutual Life Insurance Co.,* No. 82–2192, slip op. at 3, 5 (E.D.Pa. December 2, 1982); *Hodnik v. Baltimore and Ohio Railroad,* 54 F.R.D. 184 (W.D.Pa.1972); 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] at 15–105 (2d ed. 1982).