**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff and Counterdefendant,**

v.

**John R. STANLEY, Defendant and Counterplaintiff.**

**No. 84 C 0142.**

United States District Court, N.D. Illinois, E.D.

May 25, 1984.

Robert F. Finke, Watson B. Tucker, Beverley J. Klein, Mayer, Brown & Platt, Chicago, Ill., for plaintiff and counterdefendant.

Roger J. McFadden, Roger L. Longtin, Thomas J. Dillon, Schuyler, Roche & Zwirner, Chicago, Ill., for defendant and counterplaintiff.

## ORDER

BUA, District Judge.

Before the Court is defendant Stanley's motion to transfer the instant case pursuant to 28 U.S.C. § 1404(a). Stanley has moved for transfer from the United States District Court for the Northern District of Illinois, Eastern Division to the United States District Court for the Eastern District of Louisiana. Stanley argues that this transfer is proper because it would provide a more convenient forum for the defendant and his witnesses, and would better serve the interests of justice.

## I. FACTS

This suit was brought by Continental individually and as loan agent for thirteen other banks against John R. Stanley to recover on Stanley's personal guaranty in connection with loans made by Continental and the other banks to four companies controlled by Stanley.

The complaint alleges that Continental and the other banks loaned the four companies, GHR Energy Corporation, GHR Pipeline Corporation, GHR Transmission Corporation, and Southern Petroleum Trading Company, Ltd., the principal amount of $750 million, and that pursuant to that loan agreement Stanley guaranteed the payment of GHR's obligations. The complaint further alleges that GHR is in default in its repayment of the loans in the amount of

approximately $413 million. Accordingly, judgment is sought against Stanley on his guaranty for the unpaid principal and interest.

Stanley, in his answer, interposes as affirmative defenses lack of consideration for the guaranty, duress in securing the guaranty, misconduct of the banks in their performance under the loan agreement, and failure of the banks to mitigate damages. Additionally, Stanley has filed eight counterclaims alleging violations by the banks of the Sherman Act, 15 U.S.C. § 1, the Bank Holding Company Acts Amendments of 1970, 12 U.S.C. § 1972(1), and various state laws.

## II.

Defendant bases his motion on 28 U.S.C. § 1404(a) which provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In support of his motion defendant Stanley claims that venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(a).[1] In his motion, Stanley claims that he resides in Louisiana and that the claim arose in Louisiana, meeting two of the possible three bases for venue.

Having met the prerequisite that the transferee forum be a district where the case "might have been brought," Stanley further claims that the convenience of the parties and witnesses, and the interests of justice dictate the transfer.

## III.

 The factors that this Court should weigh in resolving the transfer issue include the private interests of the litigant, relative ease of access to sources of proof, availability of service of process on witnesses, cost of attendance of willing witnesses, and other practical factors to make

the trial easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055.

The defendant claims that not only does he reside in Louisiana, but all or almost all of the witnesses he intends to call, and all his documentation necessary to defend this suit are in Louisiana. In effect, Stanley claims that the burden on him should he be required to try this case in the Northern District of Illinois would be overwhelming.

## IV.

 In his motion Stanley minimizes the effect that this transfer would have on Continental and the other banks. As the moving party, Stanley has a strong burden of showing that another forum is more appropriate. *Magnavox Co. v. Bally Mfg. Corp.*, 414 F.Supp. 891, 892 (N.D.Ill.1976). It is not enough that Stanley shows that he is inconvenienced by the forum if the transfer would merely shift the expense and inconvenience to the plaintiff. *Magnavox v. APF Electroncis, Inc.*, 496 F.Supp. 29, 34 (N.D.Ill.1980). It is apparent that Stanley has not met this burden. In this case, a transfer of venue would merely shift the burden and require the plaintiffs to transport their witnesses and documentation to Louisiana.

## V.

 When the plaintiff is a resident of the judicial district where the litigation is brought, considerable deference is given to the plaintiff's choice of forum. *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1285 (N.D.Ill.1980).

Regardless of where the other banks participating in the loan to GHR are located, Continental, as agent, has its principal place of business in Illinois, convenient to this forum. It is Continental which will call witnesses and present documentation on behalf of all the banks, so it is Continental's convenience which would be affected by a transfer, and whose convenience

---

**1.** 28 U.S.C. § 1391(a) reads: "A civil action wherein jurisdiction is founded only a diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

should be considered, not the other banks. Defendant Stanley has not shown that the plaintiff's choice of their residence as the forum for this litigation is inappropriate, or that a transfer to Louisiana would do other than shift the expense and inconvenience to the plaintiff.

## VI.

Stanley's claim that the interest of justice would best be served by transferring this action to Louisiana because other, related matters, might be transferred there, is speculative at best. The other actions concerning the original obligors on the loan agreement, currently pending in Massachusetts and Louisiana, are under Chapter 11 of Title 11 of the United States Code.[2] It is unlikely that this case would be joined with the bankruptcy proceedings. *See Hammond Corp. v. General Electric Credit Corp.*, 374 F.Supp. 1356, 1359–60 (N.D.Ill. 1974).

## VII.

This Court notes that the original obligors on the loan have brought suit against Continental and several of the other banks involved in the loan agreement. That suit is pending in the Southern District of New York and involves a complaint presenting claims almost identical to those in Stanley's counterclaims in the present suit.

While Stanley argues that this forum would be an overly burdensome one for him to proceed in, by suing in New York on the identical issues as are involved in the counterclaims in the instant suit, he apparently concedes that New York would be a convenient forum in which to proceed. However, no reason is given as to why New York would be convenient while this forum would not be. Presumably, the same sources of proof, which allegedly are present in Louisiana, would have to be brought to both New York and Chicago to be produced in each individual suit. Why Stanley could easily produce such evidence in New York but would be overly burdened to produce it in this forum escapes the Court.

## VIII.

Illinois is not only where Continental resides, but is also where the loan originated, and where GHR defaulted on the loan bringing the guaranty into operation. In addition, it is the laws of Illinois which, by the agreement of the parties, govern the interpretation guaranty.

For these reasons and the other factors stated above, this Court finds that the defendant has not met his burden of establishing that the transferee forum is more appropriate for this action. Defendant's Motion to Transfer Venue is therefore denied.

IT IS SO ORDERED.

---

**2.** The Court also notes that in his deposition in the Massachusetts action, Stanley stated that

Connecticut is his permanent residence.