**SAUL STONE & COMPANY, Plaintiff,**

v.

**Jerry R. BROWNING, a/k/a Jerry Bloom, Defendant.**

**No. 84 C 644.**

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1984.

Howard J. Stein, Patrick J. Lamb, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for plaintiff.

W. Scott Porterfield, Ray G. Rezner, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PARSONS, Senior District Judge.

This case involves an action for indemnification. The plaintiff, Saul Stone & Company, alleges that the defendant, Jerry Browning a/k/a Jerry Bloom, should be required to guarantee any and all damages awarded to John E. Blum, as a result of another action arising from the same transaction and pending in the State of Washington.

On or about October 25, 1980, the defendant Browning, an undisclosed agent for Blum, executed a customer's agreement with one Bonnie Frost, an agent of Saul Stone & Company, to trade commodity futures using monies supplied by Browning. The negotiations occurred in Grant County, Washington. Performance took place on the exchange floor in Chicago. Pursuant to conditions contained in the agreement, final acceptance of the contract did not occur until Stone received the completed contract from its agent, Bonnie Frost. The parties agreed to consent to the jurisdiction and venue of Illinois state and federal courts. 

In a pending action filed in December, 1983 in the Eastern District of Washington,

Blum, a resident of San Mateo, California, has claimed that Stone, an Illinois corporation with its principal place of business in Chicago, succeeded in managing Blum's investment of $80,000 to reach a balance of $350,000 at which point Blum directed Stone to liquidate the account. Stone allegedly failed to carry out this order. This resulted in a total loss of the profits and initial investment belonging to Blum. Blum thereafter filed an action against Stone in the Eastern District of Washington to recover his investment, lost profits, lost interest, and treble damages of $10,000.00 made available to him under the Washington State Consumer Protection Act. Blum also asked for an unspecified punitive damage amount.

In January, 1984, Stone filed the instant action in the Northern District of Illinois, Eastern Division, seeking indemnity from Browning for any and all damages recoverable from it by Blum in the pending action, *Blum v. Stone.* The defendant Browning has submitted a motion to dismiss the instant case for lack of jurisdiction or, in the alternative, to transfer the case to the Eastern District of Washington. Both motions are hereby denied.

### I.

Section 1332(a) of Title 28, U.S. Code, confers original jurisdiction upon the federal district court in cases where the amount in controversy exceeds $10,000, exclusive of interest and costs, and the litigants' citizenship is diverse. In this case, plaintiff, Stone, is an Illinois corporation with its principal place of business in Chicago. The corporation is domiciled in the Northern District of Illinois. Browning is a citizen and resident of British Columbia, Canada.

■ Due process requires in this case only that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). This requires the existence of "minimum contacts" between the defendant and the jurisdiction in which the suit is filed. *Merrill Lynch, Pierce, Fen-*

*ner & Smith v. Lecopulos,* 553 F.2d 842 (2nd Cir.1977).

The defendant claims that he has had no minimum contacts with this jurisdiction. He maintains no office here. According to his affidavit, he transacted business with an agent of Stone in a Moses Lake, in the State of Washington; but acceptance of the account itself occurred in Chicago according to paragraph 16 of the service contract. Performance of Stone's services under the contract were to take place in Chicago. The alleged breach of which Stone complains took place in Chicago. Correspondence relative to the account has occurred in and originated from Chicago. Paragraph 13 of the service contract binds the parties to submit to the jurisdiction and venue of Illinois courts, state or federal.

Our courts have held that excepting a showing of overreaching, unconscionability, or adhesion, consent provisions in contracts show a contemplation of the parties that the place for resolving any disputes arising from this contract is mutually preferred and should be recognized. *Heinold Commodities, Inc. v. Hager,* Comm.Fut.L.Rep. at p. 25,475.

The commodity futures exchange deals with a number of agencies which act for others on the exchange floor. Mr. Browning easily could have used another exchange house instead of Stone. Theirs was an arm's length transaction. The jurisdiction they selected had a reasonable relationship to the parties and to their dispute. *Comprehensive Merch. Catalogs, Inc. v. Madison Sales Corp.,* 521 F.2d 1210, 1212 (7th Cir.1974).

■ It is well established in this circuit that a federal district court has personal jurisdiction over a party in a diversity case only if a court of the state in which the district court is sitting otherwise would have jurisdiction. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.,* 597 F.2d 596, 598 (7th Cir.1979), *cert. denied,* 455 U.S. 907–08, 100 S.Ct. 1087–88, 63 L.Ed.2d 325 (1980). The Supreme Court has defined the necessary minimum contact

as some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Hanson v. Denkla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). I find that jurisdiction has attached as to this district of this state.

■ Venue involves a slightly different consideration. It relates to the convenience of the litigants. Location of and ease of obtaining witnesses and location of and ease of obtaining evidence, and the best interests of justice are considerations in deciding venue. Here Browning seeks to transfer this case to the Eastern District of Washington, the jurisdiction where the pending action was filed. Yet it is uncontroverted that the witnesses, including the defendant, his principal or partner, the involved agents of Saul Stone, Bonnie Frost and Orville Mueller, were not here. Mueller's residence presently is undetermined, but Stone alleges that Frost is willing and available to come here to testify. Stone's records of the transactions on Blum's account are located here. Stone's home office witnesses are here. No material witnesses except Bonnie Frost are located in Washington and she will come here. What is most compelling, however, is that the parties agreed to submit their litigation to the courts here.

■ Choice of forum provisions are looked upon favorably by the courts. In *Heinold Commodities, Inc. v. Hager, supra,* Judge Shadur of this court upheld a venue provision in the 'service contract. His judgment was based upon the Supreme Court's checklist found in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). There the Court indicated these factors: 1) relative ease and access to sources of proof; 2) availability of unwilling witnesses to service of subpoena; 3) cost of attendance at trial by willing witnesses; 4) relation of the community in which courts and jurors are required to serve to the occurrence at issue in the litigation; 5) accessibility of the premises involved in the litigation; and 6) relative congestion of the court dockets and prospects for an earlier trial. Id. at 508. The Court there stated that unless the balance of these factors weighs heavily in favor of the defendant, the plaintiff's choice of forum should not be disturbed.

■ Using this test, the equities balance in favor of Stone's maintaining the case here.

In view of the foregoing finding that the convenience of parties and of witnesses and the interests of justice would not be served by allowing Browning to escape from his contractual obligations by transferring this case to the Eastern District of Washington, accordingly, Browning's motion to dismiss under Rule 12(b)(2) is denied; Browning's motion to transfer this action to the State of Washington is denied.