Harry LEWIS, Suing Derivatively for the Benefit of and In the Right of Hilton Hotels Corp., Plaintiff,

v.

Barron HILTON, William H. Edwards, Henri Lewin, E.T. Applegate, Maurice J. Scanlon, James E. Garrett, Robert L. Kelly, Paul D. Buckley, Willard C. Howard, James E. Bates, Benjamin V. Lambert, Thomas R. Wilcox, Frank G. Wangeman, Sam D. Young, Jr., Gregory R. Dillon, John V. Giovenco and Hilton Hotels Corporation, Defendants.

No. 85 C 6968.

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1986.

Jules Brody, Stull, Stull & Brody, New York City, for plaintiff.

Phil C. Neal, George M. Hoffman, Ralph T. Russell, Sheldon Karon, Karon, Morrison & Savikas, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Harry Lewis filed this shareholder's derivative suit on behalf of Hilton Hotels Corporation ("Hilton") against nominal defendant Hilton and several of Hilton's officers and directors ("the individual defendants") alleging that the individual defendants engaged in transactions concerning the construction and eventual sale of a New Jersey casino and hotel which constituted a breach of fiduciary duty to Hilton and a waste of Hilton's corporate assets. Hilton, joined by the individual defendants, has moved to dismiss Lewis' first amended complaint for failure to adequately plead that the refusal of Lewis' presuit demand by the Hilton Board of Directors was wrongful. For the following reasons, this Court will allow that motion.

We will only briefly summarize the factual background of this action here. A more extensive discussion of the facts is contained in this Court's earlier opinion in the related case of *Cottle v. Hilton Hotels Corp.*, 635 F.Supp. 1094, 1095–96 (N.D.Ill. 1986). The crux of Lewis' complaint is the same as Cottle's, which is that the individual defendants breached their fiduciary duty to Hilton and caused a waste of Hilton's corporate assets by their handling of a proposed casino/hotel project in Atlantic City, New Jersey. The project was ultimately sold to another party after the New Jersey Casino Control Commission ("the Commission") turned down Hilton's application for a casino license based on allegations that the individual defendants had fostered a relationship between Hilton and Sidney Korshak, an attorney with reputed organized crime connections. Lewis alleges that the individual defendants failed to sever this relationship with Korshak knowing that the connection would seriously jeopardize the chances of obtaining a casino license. According to Lewis, the subsequent sale of the casino project resulted in a substantial loss of expected earnings as well as a loss on the original investment. He further claims that the sale was undertaken without the benefit of a bidding process in an attempt by the individual defendants to entrench themselves in their current corporate positions.

Lewis alleged that he made a demand on the corporation to institute litigation against the individual defendant officers and directors, and that the Hilton Board of Directors ("the Board") refused his demand by letter dated August 12, 1985. Furthermore, he alleges that the refusal of his demand was not the product of a valid exercise of business judgment, citing some journalistic accounts of the casino project's demise in support of this claim.

The defendants move to dismiss the complaint on the ground that Lewis has not pled with particularity why the Board's refusal of his demand was not entitled to deference under the business judgment rule as required by Rule 23.1 of the Federal Rules of Civil Procedure and Delaware corporate law. The relevant part of Rule 23.1 states that "[t]he complaint shall also allege *with particularity* the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or com-

parable authority ... *and* the reasons for his failure to obtain the action...." Fed. R.Civ.P. 23.1 (emphasis added). The defendants argue that in order for Lewis to be in compliance with this rule he must plead with particularity the reasons why Hilton's decision not to pursue litigation regarding the casino project against the directors and officers was improperly motivated such that the business judgment rule would not apply. Lewis responds that he need only plead generally that his demand was wrongfully refused. In the alternative, he claims that his complaint meets the particularity requirement.

Shareholder derivative suits are a creature of state law. Rule 23.1 merely accommodates such actions when they are brought in federal court as a result of the diverse citizenship of the parties. Thus, the ultimate source of the substantive standard is the state where the purportedly aggrieved company is incorporated, in this case Delaware. *See Kreindler v. Marx*, 85 F.R.D. 612, 615 (N.D.Ill.1979). Accordingly, when faced with a motion to dismiss in a derivative action where the defendants claim that certain procedural requirements from Rule 23.1 have not been met, federal courts are forced to bridge the gap between the state substantive rules and the federal procedural prerequisites.

Under Delaware law, a shareholder's power to bring a derivative action on behalf of the corporation is terminated once a presuit demand has been made and rejected. *See Aronson v. Lewis*, 473 A.2d 805, 813 (Del.1984); *Zapata Corp. v. Maldonado*, 430 A.2d 779, 784 & n. 10 (Del.1981). Thus, just as a corporate board's decisions regarding the routine business transactions of the corporation are accorded great deference under the business judgment rule, its decision not to pursue legal recourse pursuant to a shareholder's complaint is given the same treatment. Following a

refused demand, a shareholder can only maintain a derivative action if he or she can demonstrate that the board's decision not to sue was improperly motivated or tainted with self-interest such that the directors were not acting in the best interests of the corporation. *Zapata*, 430 A.2d at 784 n. 10.

Grafted onto that substantive standard is the federal procedural requirement laid out in Rule 23.1. It follows from the substantive rule that in order to properly plead a shareholder's derivative claim, the plaintiff must allege reasons why the corporate board's decision should not be protected by the business judgment rule. This Court views the language of Rule 23.1 as clearly requiring that the plaintiff plead with particularity the reasons for the corporate board's refusal to take action. Included in this pleading rule is the requirement that the plaintiff provide a reasonable basis for inferring that the board members were acting with self-interest, rather than the corporation's interest, in mind. *See Allison on Behalf of General Motors Corp. v. General Motors Corp.*, 604 F.Supp. 1106, 1122 (D.Del.), *aff'd mem.*, 782 F.2d 1026 (3d Cir.1985) (district court faced with a "demand refused" case followed the particularity standard regarding the plaintiff-shareholder's allegations that the board's decision was tainted by self-interest, bad faith or fraud). If a plaintiff only needed to plead generally that the board wrongfully rejected the presuit demand, the procedural commands of Rule 23.1 would be substantially undermined, allowing even the most frivolous of suits to proceed following the board's refusal.

In the present case, Lewis argues that Paragraph 24 of his first amended complaint provides an adequate basis for his suit to survive the defendants' motion to dismiss.[1] That paragraph refers to two

---

**1.** In conjunction with the present motion, Lewis filed a motion for this Court's permission to take limited discovery regarding the reasons for the Board's refusal of Lewis' demand for legal action. Ordinarily, there is a presumption that the demand refusal was the product of a valid

business judgment. *Allison on Behalf of General Motors Corp. v. General Motors Corp.*, 604 F.Supp. 1106, 1122 (D.Del.), *aff'd mem.*, 782 F.2d 1026 (3d Cir.1985). It is the plaintiff-shareholder's burden to overcome that presumption, and if he or she can plead such facts that would

articles, one from the *Wall Street Journal* and one from *Fortune*. The *Journal* article, which was attached as an exhibit to the complaint, reports the resignation of Henri Lewin, an individual defendant in this action, from his position as head of the hotel-casino operations division of Hilton. The article reports that the New Jersey Casino Control Commission found Lewin, as a Hilton executive, unsuitable to hold a gambling license because of alleged improper business dealings, including his association with organized crime figures and other improprieties reportedly committed while he was general manager of the San Francisco Hilton. It also says that Barron Hilton ("Barron"), Hilton's chairman and also a defendant here, had on a number of occasions denounced the negative report on Lewin as "groundless." Lewis alleges that the improprieties referred to in the article include a claim that "Lewin had asked hotel employees to destroy records," although the article makes absolutely no reference to that detail. The *Fortune* article tells the tale of Hilton's unsuccessful efforts to obtain a gambling license for the Atlantic City casino/hotel project. The article refers to Barron's report to the Commission that (1) he was not aware of Sidney Korshak's alleged organized crime connections until reading a newspaper account of Korshak's activities; (2) he discovered that Korshak had never been convicted of a crime and wrote Korshak a "note of sympathy" about the negative publicity; and (3) he and Hilton did not sever the relationship with Korshak until it became apparent that the Commission might base a denial of the gambling license on that relationship.

The particularity standard of pleading the wrongful refusal of a shareholder's demand must be read in conjunction with the substantive standard regarding the business judgment rule. Thus, courts must evaluate the shareholder's complaint to determine if the allegations contained therein suggest a reasonable doubt that the Board was acting in a disinterested and independent manner or that the disputed transaction was otherwise the product of a valid business judgment. *Aronson v. Lewis*, 473 A.2d 805, 814 (Del.1984).[2] While the articles cited by Lewis are interesting journalistic accounts of Hilton's troubles, they provide little basis for a claim that the business judgment rule should not apply to the Hilton Board's refusal to pursue Lewis' presuit demand. Even assuming the truth of all well-pleaded factual allegations in Lewis' complaint,[3] there is no indication in Paragraph 24 or any other part of the complaint that the Hilton directors' decision not to institute legal action as a result of the casino/hotel project's sale was motivated by personal interest or that they lacked the independence to make such a decision in the best interests of the corporation. At most, these details may indicate mismanagement and bad decision-making regarding the casino project on the part of the two individuals named, one of whom is not even on the Hilton Board which refused Lewis' request to institute legal action. The shareholder derivative suit is designed to permit attacks on improperly-motivated business judgments, not poor ones.

Accordingly, because we find that Lewis has not adequately pled a sufficient basis for this Court to infer a reasonable doubt that the Hilton Board's refusal of his demand for litigation was the product of a valid business judgment, we grant the defendants' motion to dismiss under Fed.R. Civ.P. 23.1. It is so ordered.

raise a reasonable doubt about the presumption's validity, discovery would be permitted. *Id.* Because that is not the case here, we deny Lewis' motion to take discovery.

**2.** Other federal courts which have addressed this problem have found that the same standard which applies for determining whether the futility of demand has been properly pled in a "demand excused" case apply to the question of whether the board's refusal was not the product of a valid business judgment in a "demand refused" case. *See, e.g., Lewis v. Curtis*, 671 F.2d 779, 786 (3d Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982); *Allison*, 604 F.Supp. at 1122. Thus, we apply the same standard we applied in *Cottle*, 635 F.Supp. at 1098.

**3.** *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984).