Harold M. SEIDEL, individually, derivately, and in a representative capacity on behalf of all those similarly situated, Plaintiff,

v.

ALLEGIS CORPORATION, Defendant and Nominal Defendant,

and

Walter A. Haas, Jr., Andrew F. Brimmer, et al., Defendants.

No. 87 C 4612.

United States District Court, N.D. Illinois, E.D.

Jan. 10, 1989.

Robert A. Holstein, Richard S. Schiffrin, Holstein, Mack & Dupree, and Aron D. Robinson, Chicago, Ill., for plaintiff.

Edward L. Foote, Duane M. Kelley and Kevin E. White, Winston & Strawn, Chicago, Ill., for defendant and nominal defendant.

William R. Jentes, P.C., Robert J. Kopecky, Alexander Dimitrief and Leslie M. Smith, Kirkland & Ellis, Chicago, Ill., for defendant Boeing Co.

John Powers Crowley, Matthew F. Kennelly and Robert M. Stephenson, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

On September 17, 1987, plaintiff Harold M. Seidel, filed his second amended complaint against Allegis Corporation ("Allegis") and 17 individual directors and former directors of Allegis. The complaint purports to assert individual, derivative, and class action claims, alleging that Allegis's directors breached fiduciary duties to the corporation and its shareholders by engaging in the conduct complained of as part of a scheme of entrenchment. Subject matter jurisdiction is premised on diversity of citizenship.

Allegis filed a motion to dismiss and was joined in that motion by the individual defendants. The motion to dismiss is predicated on two issues:

Are plaintiff's claims against defendants personal, or must they be brought derivately on behalf of Allegis?

If plaintiff's claims are derivative, is plaintiff barred from bringing them for failure to make a proper demand on Allegis prior to filing suit, as required by Delaware Chancery Court Rule 23.1, and the parallel provisions of Rule 23.1 of the Federal Rules of Civil Procedure?

### Discussion

■ Generally, the law of a party's state of incorporation is controlling in cases involving substantive corporate law issues. *Millsap v. Central Wisconsin Motor Transport Co.*, 41 Ill.App.2d 1, 189 N.E.2d 793 (1st Dist.1962) Allegis is a Delaware corporation and, thus, any substantive claims against it are governed by Delaware law. *See Burks v. Lasker*, 441 U.S. 471, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979); *Crocker v. Federal Deposit Ins. Corp.*, 826 F.2d 347, 349 (5th Cir.1987). This includes the issues raised by Allegis of whether claims are derivative or personal and whether a proper demand has been made on the corporation pursuant to Fed.R.Civ.P. 23.1. *See Lewis v. Hilton*, 648 F.Supp. 725, 727 (N.D.Ill.1986) (citing *Kreindler v. Marx*, 85 F.R.D. 612, 615 (N.D.Ill.1979)); *Tankersley*

*v. Albright,* 80 F.R.D. 441, 444 (N.D.Ill. 1978). Thus, the issues raised by Allegis's motion to dismiss must be determined with reference to Delaware law.

Allegis first argues that plaintiff's claims in Counts I through III are derivative in nature. As to Count I, Allegis argues that allegations of breach of fiduciary duty by the board members to the corporation and its shareholders represent a classic derivative claim because all shareholders would be affected equally. As to Counts II and III, Allegis asserts that plaintiff has failed to plead any specific restraints by defendants of the shareholders' ability to transfer stock or vote their shares.

Plaintiff claims, however, that he has pleaded individual injury as well as a derivative claim because he has alleged both a special injury and deprivation of a contractual right. The court disagrees.

Under Delaware law, the issue of whether claims are individual or derivative is determined by viewing the complaint taken as a whole. *Moran v. Household International, Inc.,* 490 A.2d 1059, 1069–70 (Del. Ch.1985). Characterizations made in the pleadings are not controlling. *Kalmanovitz v. G. Heileman Brewing Co.,* 595 F.Supp. 1385, 1399 (D.C.Del.1984), *aff'd* 769 F.2d 152 (3d Cir.1985). A single complaint may contain both derivative and individual claims if there are sufficient allegations to support both claims. *Duman v. Crown Zellerbach Corp.,* 107 F.R.D. 761 (N.D.Ill. 1985) Generally, claims are considered to be derivative where all stockholders are affected equally. *Bokat v. Getty Oil Co.,* 262 A.2d 246, 249 (Del.Super.Ct.1970).

There are two exceptions which give rise to individual claims. A stockholder may have an individual claim if he has suffered a special injury which is distinct from the harm to the corporation. *Elster v. American Airlines, Inc.,* 100 A.2d 219, 222 (Del. Ch.1953). A stockholder may also have an individual claim if he is deprived of a contractual right. *Moran, supra,* 490 A.2d at 1070. Neither of these exceptions have been adequately pleaded in the case at bar.

■ In Count I of his second amended complaint, plaintiff alleges that Allegis's Board of Directors owed a fiduciary duty to the shareholders that they breached by adopting a poison pill plan (waste) as well as other business decisions and, as a result, the value of the company and, therefore, shares in it, diminished. This type of breach of fiduciary duty claim has been recognized as a derivative claim. *See Shapiro v. Pabst Brewing Co.,* (Del.Ch. No. 7339, July 30, 1985), 11 Del.Journ.Corp.Law 704, 709 (1986) [1985 WL 11578]. Allegations of mismanagement which depress the value of stock, as those alleged here, represent wrongs against the corporation, not an individual. *See Bokat, supra,* 262 A.2d at 249. Because the wrongs alleged in Count I affect all shareholders equally, plaintiff's Count I is a derivative claim.

■ In Counts II and III, plaintiff alleges that defendants' adoption of a poison pill plan effectively denied shareholders the right to sell their shares and vote their shares. In both counts, plaintiff seeks to demonstrate that defendants' actions have denied his contractual rights as a shareholder to sell and vote his shares.

As to right of alienability, plaintiff must allege a direct restriction of transferability in order to state an individual claim. *Moran, supra,* 490 A.2d at 1070. In his complaint, plaintiff only alleges that potential buyers are deterred from acquiring Allegis stock on the open market. Plaintiff does not allege that the rights plan adopted by the directors included a condition on the transferability of shares and, thus, has not alleged an individual claim. *Id.* at 1079. Rather, the basis for plaintiff's allegation is mismanagement of the corporation which is an action on behalf of the corporation. Thus, plaintiff's Count II is also derivative in nature.

■ Similarly, plaintiff's allegation of a restriction on his voting rights is based on a complaint of mismanagement rather than an actual restriction on voting. Nowhere does plaintiff allege that he possesses a statutory or common law right to vote on an issue which was directly restricted by defendants. Plaintiff simply alleges that he did not have the opportunity to vote on a

proposal because Allegis's board did not consider the proposal serious enough to subject to a vote. Plaintiff's allegation is actually a claim that the Allegis board committed waste.

A review of Delaware statutes does not reveal any law requiring that Allegis's board allow shareholders to vote on the Air Line Pilot Association's offer. Plaintiff also does not allege that any provision of Allegis's charter requires the board to allow shareholders a vote. Therefore, plaintiff cannot actually be restricted from voting where he did not have a right to vote. Because plaintiff does not adequately plead deprivation of a contractual right in Count III, no individual claim has been plead. Thus, all of plaintiff's claims are derivative in nature.

■ Federal Rule of Civil Procedure 23.1 provides for procedural requirements that a shareholder must meet before he can sue derivatively. In order to acquire standing to sue derivatively, a shareholder must first demonstrate that he has exhausted all means within his reach to obtain the relief desired. *Hawes v. Oakland,* 104 U.S. 450, 460–61, 26 L.Ed. 827 (1881). Because a derivative suit challenges the assumption a board of directors is managing a company in good faith, a shareholder may proceed derivately only after demonstrating that a "demand" upon the corporation would be futile, *Aronson v. Lewis,* 473 A.2d 805, 811–812 (Del.Super.Ct.1984), or that he made a "demand" upon the corporation and the board refused to follow it. *Good v. Getty Oil Co.,* 514 A.2d 1104, 1106 (Del.Ch. 1986). An adequate demand upon the corporation provides notice of a situation and allows the corporate directors an opportunity to exercise their business judgment in taking any corrective action. *Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 533, 104 S.Ct. 831, 836, 78 L.Ed.2d 645 (1984). To be adequate, a demand must be made upon the corporation with "particularity." Fed.R.Civ.P. 23.1

In their respective briefs, all parties concede that the Rule 23.1 demand must include certain information, namely: the identity of the alleged wrongdoers; the

factual basis for the allegations; the harm caused to the corporation; and the remedial relief requested.

The motion of Allegis and the individual defendants challenges the sufficiency of plaintiff's complaint, which alleges demands made and refused. Second amended complaint, ¶¶ 15–16.

Plaintiff contends that four letters incorporated into his second amended complaint are sufficient demand to satisfy the requirements of Rule 23.1 and, thus, he has standing to sue derivatively.

The court, however, adopts the reasoning in Allegis's memorandum in support of its moton to dismiss, and finds that the referred-to letters do not satisfy the demand requirement which is an integral part of Delaware corporate law and Rule 23.1

*Conclusion*

Since plaintiff's claims are derivative, under Fed.R.Civ.P. 23.1, the lack of a valid pre-suit demand is fatal and plaintiff's complaint must be dismissed.

Certain defendants, all present or former directors, have also moved to dismiss based on lack of personal jurisdiction and have argued that the action may not proceed in the absence of all directors. This motion is rendered moot.