Margaret E. **WILKINSON**, Plaintiff,

v.

**PAINE, WEBBER, JACKSON & CURTIS, INC.,** and **Roger B. Smith,** Defendants.

**Civ. A. No. C81–1094A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 25, 1983.

Steven J. Gard, Atlanta, Ga., for plaintiff.

Gary W. Hatch, Dom H. Wyant, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

This action is presently before the Court on (1) defendants' motion for summary judgment and (2) defendants' motion to dismiss. This action is closely related to three other cases pending before the Court, *Beeson, et al., v. Blyth Eastman Dillon & Co. et al.*, Civil Action No. C79-2378A, *Summerlin v. Blyth Eastman Dillon & Co., et al.*, Civil Action No. C79-2379A, and *Smith Barney, Harris Upham & Co., Inc. v. Beeson*, Civil Action C81-661A.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### 1. In Pari Delicto Defense

Plaintiff maintained a brokerage account with defendant Blyth Eastman Dillon & Co. (BEDCO) and at all material times defendant Roger B. Smith was the BEDCO registered representative who handled plaintiff's account. Plaintiff contends that defendant Smith made misrepresentations of material facts to plaintiff concerning a proposed acquisition of General Exploration Company (GEX) and omitted to state material facts concerning the stock of GEX. Allegedly, relying upon those misrepresentations, plaintiff purchased 7000 shares of GEX stock on April 12, 1979, in open market transactions through BEDCO for a total of $65,483.02, including commissions. Assertedly, defendant Smith's representa-

tions regarding GEX's upcoming merger with another company with a corresponding increase in the value of GEX stock, proved to be false.

Plaintiff also contends that Smith conspired, attempted to, and did manipulate the price of GEX common stock on the American Stock Exchange and bought the stock for his own account at prices lower than those obtained by his customers at or about the same time. Defendants vigorously deny plaintiff's allegations; however, they contend that even assuming that all of plaintiff's factual allegations are true, they are nevertheless entitled to summary judgment under the equitable defense of *in pari delicto*.

■ In the three aforementioned related cases, defendants herein also moved for summary judgment based on the doctrine of *in pari delicto*. There, the Court discussed the doctrine of *in pari delicto* at great length and concluded that defendants were entitled to summary judgment based on that defense. Order of March 23, 1983 at p. 20. In this action, the Court has carefully reviewed plaintiff's deposition and concludes that her testimony does not establish the predicate for the application of the *in pari delicto* defense. Specifically, plaintiff testified that defendant Smith told her that he had received the information concerning GEX from an attorney from the brokerage firm, BEDCO, as opposed to from an "insider". Deposition of Margaret E. Wilkinson at p. 32. Accordingly, defendants' motion for summary judgment on the grounds that plaintiff's action is barred by the defense of *in pari delicto* is hereby DENIED.

#### 2. Plaintiff's Self-Preferment Claim

Plaintiff contends at paragraph 17(f) of the complaint that defendants, or presumably defendant Smith, purchased GEX stock for his own account at better prices than it was sold to customers at or about the same time. Plaintiff characterizes defendant Smith's actions as "self-preferment". As defendants assert, it is not clear from the complaint whether plaintiff seeks separate recovery for this alleged

"self-preferment". Nevertheless, defendants contend that plaintiff is not entitled to any recovery for this alleged "self-preferment".

Defendants have filed an affidavit by Roger B. Smith to refute the allegations of plaintiff regarding Mr. Smith's alleged purchases of GEX stock. Defendant Smith asserts therein that he did not buy any GEX shares for his own account on the date that plaintiff bought her shares, April 12, 1979, nor for that matter during the several days before and after plaintiff's purchase. Affidavit of Roger B. Smith at ¶ 5. Therefore, defendants contend that they are not liable for any "self-preferment".

Plaintiff maintains that defendants are nevertheless liable for self-preferment. According to plaintiff, self-preferment occurs when a stockbroker purchases shares at a lower price or sells shares at a higher price than that obtained by his customers. Plaintiff maintains that it is not necessary that the broker purchase his stock on the same day as his customer. The Court has reviewed the cases cited by plaintiff for the above-mentioned proposition and finds they fail to support plaintiff's contention. In view of the undisputed testimony of defendant Smith regarding his purchases of GEX shares, the Court concludes that defendants are entitled to summary judgment on plaintiff's claim for "self-preferment".

3. Plaintiff's Claims Under Section 9(a) of the Securities Exchange Act

Defendants contend that plaintiff's claims under § 9(a) of the Securities Exchange Act, 15 U.S.C. § 78i(a), are barred by the applicable statute of limitations. The said statute of limitations provides as follows:

No action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such·violation.

15 U.S.C. § 78i(e).

In this action, it is undisputed that plaintiff purchased her shares of GEX stock on April 12, 1979, allegedly relying on defendant Smith's representations regarding an imminent takeover of GEX which would increase the price of the said shares. Admittedly, no takeover of GEX took place and the said company's stock declined in price. It is also undisputed that plaintiff sold her shares of GEX stock on December 3, 1979. Based on the aforementioned facts, defendants contend that plaintiff knew the facts constituting the alleged violation of § 9(a) no later than December 3, 1979. Therefore, they assert that plaintiff's claims under § 9(a) are barred since she did not file this action until June of 1981.

The Court finds defendants' arguments unconvincing. Defendants' arguments are based on the erroneous premise that plaintiff's knowledge of defendant Smith's alleged misrepresentation regarding the impending acquisition of GEX is equivalent to plaintiff's knowledge that defendant Smith had manipulated the market in GEX's stock, as alleged in plaintiff's claims under § 9(a). *See* complaint at ¶¶ 59–63.

The Court concludes that there is a material dispute of fact as to the time when plaintiff discovered the facts constituting the alleged violation of § 9(a). Furthermore, it is undisputed that plaintiff initiated this action within the outer limit provided for in the statute, "three years after such violation". 15 U.S.C. § 78i(e). Thus, defendants are not entitled to summary judgment on plaintiff's claims under § 9(a) of the Securities Exchange Act. 15 U.S.C. § 78i(a).

DEFENDANTS' MOTION TO DISMISS

1. Plaintiff's Claims Under Section 12(2) of the Securities Act of 1933

Defendants contend that plaintiff's claims under § 12(2) of the Securities Exchange Act are barred by the applicable statute of limitations. The appropriate statute of limitations provides that no action shall be maintained under § 12(2) "unless brought within one year after the discovery of the untrue statement or the omis-

sion, or after such discovery should have been made by the exercise of reasonable diligence ..." 15 U.S.C. § 77m. For the reasons noted below, the Court concludes that plaintiff's claims under § 12(2) should not be dismissed at this time.

Plaintiff must affirmatively plead sufficient facts to demonstrate timeliness within § 12(2). *Homburger v. Venture Minerals, Inc.*, Fed.Sec.L.Rep. (CCH) § 98,858 (S.D.N.Y. November 3, 1982). A proper complaint under § 12(2) must set forth the following: (1) the time and circumstances of the discovery of the untrue statement or omission; (2) the reasons why the alleged fraud was not discovered sooner; and (3) plaintiff's diligence in making such discovery. *Brick v. Dominion Mortgage & Realty Trust*, 442 F.Supp. 283 (W.D.N.Y.1977).

In this action, plaintiff fails to affirmatively plead sufficient facts to demonstrate that the requirements of § 12(2) have been met. Nevertheless, in the interest of justice, plaintiff is hereby GRANTED leave of Court to amend her complaint to allege the necessary facts to meet the requirements of § 12(2). Rule 15(a), Fed.R.Civ.P. Plaintiff shall have thirty days from this date to file the said amendment to her complaint.

2. Implied Private Right of Action under Section 17(a) of the Securities Act

Defendants contend that there is no private right of action under section 17(a) of the Securities Act. Two members of this Court have so held. *See Gunter v. Hutcheson*, 433 F.Supp. 42 (N.D.Ga.1977) (Moye, J.); *Hardy v. Sanson*, 356 F.Supp. 1034 (N.D.Ga.1973) (Edenfield, J.) Nevertheless, there are no opinions of the Former Fifth Circuit or of the Eleventh Circuit, binding on this Court, deciding whether there is an implied private right of action under § 17(a). Furthermore, the circuits appear to be divided on this question.

After a careful analysis of the decisions favoring and disfavoring such an implied right of action, the Court chooses to follow the rulings of the Second Circuit, Seventh Circuit, and Ninth Circuit, finding such an implied right of action under § 17(a).

*Kirshner v. United States*, 603 F.2d 234, 241 (2nd Cir.1978); *Daniel v. Teamsters*, 561 F.2d 1223, 1244–1246 (7th Cir.1977); *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 815 (9th Cir.1981). The Second Circuit in *Kirschner* indicated:

[T]here [is] little practical point in denying the existence of an action under § 17 once it is established that an aggrieved buyer has a private action under § 10(b) of the 1934 Act.

*Citing,* Judge Friendly's concurrence in *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 867 (2nd Cir.1968). Accordingly, defendants' motion to dismiss plaintiff's claims under § 17(a) of the Securities Act is hereby DENIED.

3. Implied Private Civil Remedy Under Section 10(b) or Rule 10b–5 Where There Is An Express Remedy Under Section 9(a) of the Securities Exchange Act

Plaintiff seeks recovery under, inter alia, both § 9(a) of the Securities Exchange Act, 15 U.S.C. § 78i(a), and § 10(b) of the said act, 15 U.S.C. § 78j(b). Complaint at ¶¶ 31–36, 59–63. Section 9(e) of the said act creates an express private remedy for violations of § 9(a). On the other hand, there is no express private remedy for violations of § 10(b) and Rule 10b–5. In light of the express remedy provided for by § 9(e) of the Act, defendants contend that there is no implied private remedy available under § 10(b) or Rule 10b–5 for activities covered by § 9's express remedy.

Few courts have confronted this precise question, and there is no binding authority from the Former Fifth Circuit or the Eleventh Circuit. Nevertheless, in a recent opinion, *Chemetron Corporation v. Business Funds, Inc., et al.*, 682 F.2d 1149, 1162–63 (5th Cir.1982), the Fifth Circuit held that there is no implied private remedy available under § 10(b) or Rule 10b–5 for activities covered by § 9's express remedies. This Court finds the reasoning of *Chemetron* persuasive. Accordingly, for the reasons noted by the Court in *Chemetron,* the Court concludes that plaintiff has no implied private civil remedy under § 10(b) or Rule 10b–5 for the alleged activi-

ties which are covered by § 9 of the Act. Therefore, defendants' motion to dismiss plaintiff's claims under § 10(b) and Rule 10b–5 is hereby GRANTED.

### 4. Plaintiff's Claims Based Upon Section 12 of the Georgia Securities Act

Defendants contend that plaintiff's claim brought under § 12 of the Georgia Securities Act is time-barred by the applicable statute of limitations. The said statute of limitations provides that no action may be brought under this section "more than two years from the date of the contract for sale or sale, if there is no contract for sale." O.C.G.A. § 10–5–14(c).

In this action it is undisputed that plaintiff purchased her shares of GEX stock on April 12, 1979 and that the complaint was not filed until June 8, 1981, over two years after the said purchase. Accordingly, plaintiff's claim under § 12 of the Georgia Securities Act would appear to be time-barred. Nevertheless, plaintiff contends that in federal court, federal law determines when the statute of limitations begins to run. Furthermore, according to plaintiff, federal equitable tolling principles provide that when a plaintiff has been injured by fraud, the bar of the statute of limitations does not begin to run until the fraud is discovered or should have been discovered in the exercise of due diligence.

▆▆▆ The Court concludes that plaintiff's claim based upon § 12 of the Georgia Securities Act is time-barred by § 14 of the said Act. Plaintiff's broad contention that in federal court, federal law determines when the statute of limitations begins to run, even with respect to a claim brought under state law, is plainly wrong. Similarly, federal equitable tolling principles do not apply to a claim which arises solely out of state law. The cases cited by plaintiff support the proposition that "[i]n determining when the clock starts running for the purpose of applying a borrowed statute of limitations to a *federally created remedy,* federal, not state, law is controlling." (Emphasis added.) *Azalea Meads, Inc., v. Muscat,* 386 F.2d 5, 8 (5th Cir.1967). Plaintiff's claims under § 12 of the Georgia Securities Act obviously cannot be charac-

terized as a federally created remedy. Therefore, defendants' motion to dismiss plaintiff's claim under § 12 of the Georgia Securities Act is hereby GRANTED.

### 5. Plaintiff's Claims Under the Racketeer Influenced and Corrupt Organizations Act (RICO)

Plaintiff seeks recovery from defendants pursuant to the civil treble damage provision of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1961 *et seq.* Section 1962(c) of RICO provides that

[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affair through a pattern of racketeering activity or collection of unlawful debt.

In this action, plaintiff alleges that defendants have violated § 1962(c) by engaging in mail and wire fraud in violation of the criminal laws of the United States. Complaint at ¶¶ 50–52. However, as noted by defendants, plaintiff has failed to allege that defendants are "employed by or associated with any enterprise" or that they "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt," as required by § 1962(c). Indeed, plaintiff does not even allege the existence of such "enterprise". *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1133–34 (Mass.1982).

Defendants also contend that plaintiff has failed to allege injury to "business or property by reason of" the alleged violation of § 1962(c). Section 1964(c) of RICO provides in part that "[any] person injured in his *business or property* by reason of a violation of § 1962 ... may sue therefor in any appropriate United States district court ..." (Emphasis added.) 18 U.S.C. § 1964(c).

▆▆▆ Defendants contend that plaintiff has failed to allege that her injury was

caused by defendants' acquisition of an interest in an enterprise or operation of an enterprise. Her injury, if any, assertedly arises from defendants' alleged acts of mail and wire fraud, as opposed to defendants' acquisition of an interest in an enterprise or operation of an enterprise "through a pattern of racketeering activity". 18 U.S.C. § 1962(c). The Court agrees with defendants' contentions that plaintiff has failed to plead an injury as a result of defendants' alleged acquisition of an interest in an enterprise or operation of an enterprise through a pattern of racketeering activity. However, the Court is of the view that plaintiff should be allowed to amend her complaint so as to properly allege her claims under RICO. Rule 15(a), Fed.R.Civ.P.

■ On the other hand, this Court disagrees with defendants' arguments, and the ruling of some other district courts, that § 1964(c) allows for recovery of only a "business loss from racketeering activities". *Van Schaick, supra* at 1137. Section 1964(c) explicitly speaks of injuries to "business or property". This Court sees no legitimate reason, and does not consider it to be its role, to rewrite the said section so as to provide for recovery of only "business" injuries or "competitive" injuries. *See North Barrington Development, Inc. v. Fanslow*, 547 F.Supp. 207 (N.D.Ill. October 9, 1980). The losses alleged by plaintiff, the monetary loss as a result of a decrease in the value of her shares of GEX stock, are plainly within the type of injury which can be characterized as injury to "business or property".

Accordingly, as noted above, plaintiff is GRANTED leave of Court to amend her RICO claims. Plaintiff shall have thirty days to file her amendment to the complaint. Therefore, defendants' motion to dismiss plaintiff's RICO claims is hereby DENIED. Plaintiff's RICO claims might be disposed of through a properly supported motion for summary judgment.

## CONCLUSION

In sum, defendants' motion for summary judgment based on the defense of *in pari delicto* is DENIED, defendants' motion for summary judgment on plaintiff's allegation of "self-preferment" is GRANTED, defendants' motion for summary judgment on plaintiff's claims under section 9(a) of the Securities Exchange Act is DENIED, defendants' motion to dismiss plaintiff's claims based upon section 12(2) of the said Act is DENIED, defendants' motion to dismiss plaintiff's claim under section 17(a) of the said Act is DENIED, defendants' motion to dismiss plaintiff's claim under section 10(b) or Rule 10b–5 of the said Act is GRANTED, defendants' motion to dismiss plaintiff's claims based upon section 12 of the Georgia Securities Act is GRANTED, and defendants' motion to dismiss plaintiff's claims under RICO is DENIED. Plaintiff is hereby GRANTED leave of Court to amend her complaint as provided herein.