**OIL EXPRESS NATIONAL, INC., a Delaware Corporation, Plaintiff,**

v.

**C.W. OIL WORKS, INC., an Illinois Corporation, Carol F. Welty, an Individual Carcare Enterprises, Inc., an Illinois Corporation, Robert T. Lewis, an Individual and Jiffy Lube International, Inc., a Nevada Corporation, Defendants.**

**No. 87 C 11004.**

United States District Court, N.D. Illinois, E.D.

March 16, 1988.

---

Robert M. Ward, Dean A. Monco, JoAnne Verplancken, Cook Wetzel & Egan Ltd., Chicago, Ill., for plaintiff.

Paul Harrison Stacey, Wheaton, Ill., Michael E. Barry, Sheldon M. Katz, Gardner Carton & Douglas, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In this action, plaintiff Oil Express National, Inc. ("National") seeks compensatory and declaratory relief arising out of alleged breaches of interference with a franchise agreement and personal guaranty. Defendants C.W. Oil Works, Inc. ("CW Oil") and Carol Welty move to dismiss for failure to join as co-plaintiff the subfranchisor Oil Express Illinois, Inc. ("OE Illinois"). For the reasons stated herein, the motion to dismiss is granted.

### I

Under the terms of a franchise agreement entered into by National as franchisor, OE Illinois as subfranchisor and CW Oil as franchisee, National and OE Illinois gave CW Oil rights to operate a business under the "Oil Express" service mark in return for various fees. The franchise agreement also specifies activities by the parties that constitute default and provides rights of termination of the agreement in the event of default. Welty, the President of CW Oil, personally guaranteed all of CW Oil's obligations under the franchise agreement to both National and OE Illinois.

Pursuant to these agreements, CW Oil set up and operated an Oil Express franchise. In October 1987, Welty entered into a real estate sales contract with defendant Carcare Enterprises, franchisee of Jiffy Lube International, Inc., to sell certain property allegedly within the franchise agreement, "conditioned and contingent upon the waiver by Oil Express National, Inc. and Oil Express Illinois, Inc. of any rights of first refusal which may be conferred upon them by virtue of any franchise agreements." Welty purportedly agreed to provide to Carcare Enterprises confidential business documents belonging to National.

In Count I of this action, National charges defendants CW Oil and Welty with breach of the franchise agreement for failure to pay the various fees. In Count II, National further charges parties to the real estate contract with tortious interference with plaintiff's contractual rights. Finally, National seeks declaratory relief in Count III with regard to the real estate transaction. CW Oil and Welty contend in their motion to dismiss that OE Illinois, as a party to the franchise agreement, is an indispensable party to this action under Fed.R.Civ.P. 19. Since its joinder would defeat diversity, defendants conclude we must dismiss this action.

### II

Determining the indispensability of OE Illinois requires a two-step analysis. First, we must determine if OE Illinois should be joined if feasible under Rule 19(a). If we so find, we must next determine whether OE Illinois is an indispensable party, taking into consideration the factors set forth in Rule 19(b). *Tillman v. Milwaukee*, 715 F.2d 354, 357–58 (7th Cir.1983).

A. Should OE Illinois be joined if feasible under Rule 19(a)?

Rule 19(a) provides that

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the

subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The central factual dispute in this motion is whether OE Illinois has any interest in the subject matter of this litigation warranting a finding under Rule 19(a) that OE Illinois should be joined. National contends that OE Illinois has no interest in the funds owed by defendants as alleged in Count I and the real estate at issue in Counts II and III. National broadly asserts that OE Illinois was no more than a nominal party to the franchise agreement. Specifically addressing the pertinent provisions of the agreement and guaranty, National contends that CW Oil and Welty's contractual duties are duties owed only to National. The agreement requires defendants to remit the funds to National, not OE Illinois. Only National has the right to override the real estate deal. Finally, National argues that the defendants implicitly recognized that OE Illinois was not a party in interest here by negotiating settlement solely with National and by paying all funds solely to National.

We do not agree that OE Illinois lacks any stake in the pertinent provisions of the franchise agreement. OE Illinois is a separate signatory to the franchise agreement. While many provisions of the franchise agreement, including some at issue here, expressly identify the franchisor, National, as enjoying certain rights under the contract, others identify or do not expressly exclude subfranchisor OE Illinois. Without attempting exhaustively to identify OE Illinois' rights and duties under the agreement, we point out some of the pertinent references. In addition to fees and royalties, Count I seeks recovery of monies defendants owe to an advertising fund. The franchise agreement neither specifies the recipient of these monies nor expressly identifies National as exercising sole control over the fund. More significantly, the agreement does not preclude OE Illinois from enforcing that provision. Turning to Counts II and III, while National does enjoy the right of refusal of sales or assignments by CW Oil and the right to terminate the agreement in the event of default by CW Oil, subfranchisor OE Illinois is not devoid under those provisions of any rights enforceable against or duties owing to CW Oil. For example, paragraph 19 refers to the franchisee's rights in the event of a breach by the franchisor *or the subfranchisor*. Paragraph 20 states that "Franchisee, Franchisor *and Subfranchisor* shall make a prompt, final accounting upon termination, and any sums owing under this Agreement ... shall be paid immediately and promptly to the owing party." (Emphasis added.) These provisions state or imply OE Illinois' rights and duties under the franchise agreement.

Defendants' attempt to settle this action with National alone do not suggest otherwise. Defendants' decision to settle with National does not constitute a concession that an unnamed party has no interest in this action. This settlement attempt cannot divest OE Illinois of its contractual rights and duties. Similarly, defendants' history of payments of monies under the contract to National does not mean that OE Illinois cannot enforce these payment provisions. Finally, OE Illinois' assignment to National of its service mark rights does not establish that OE Illinois additionally assigned all of its rights under the franchise agreement.

Having found that it has interests at stake in this action, we conclude that OE Illinois should be joined under Rule 19(a). It is not clear from the pleadings and briefs the precise relationship between National and OE Illinois. If, *only for purposes of res judicata*, National and OE Illinois are identical parties, then OE Illinois' absence here may prejudice its interests by barring

any future action against defendants for the relief that National seeks here. If principles of *res judicata* would not bar a future action, defendants would run the risk of multiple litigation arising out of the agreement and activities at issue in this action. In either event, the risks of prejudice are sufficient to warrant a finding that OE Illinois should be joined if feasible.

### B. Is OE Illinois an indispensable party under Rule 19(b)?

The parties do not dispute that joinder of OE Illinois as co-plaintiff would defeat diversity jurisdiction. Both OE Illinois and defendant CW Oil are Illinois corporations. The next and final step, then, is deciding whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable," taking into consideration the degree of prejudice to either the absent or the remaining parties, the adequacy of any judgment entered without the absent party and any alternative forums available to plaintiff if the action is dismissed. Fed.R. Civ.P. 19(b); *Tillman*, 715 F.2d at 358. Under these criteria, we conclude that OE Illinois is an indispensable party to this action.

### Conclusion

Oil Express Illinois, Inc. is an indispensable party whose joinder would defeat our subject matter jurisdiction. Accordingly, the motion to dismiss is granted without prejudice to refile this action in state court.[1] It is so ordered.

---

**1.** There has been no assertion by National that jurisdictional and venue requirements or a statute of limitations would preclude this action in an Illinois court. We do not doubt that the Illinois courts can fully and fairly resolve the entire controversy among all present and absent parties. *Compare Morgan v. Kobrin Securities, Inc.,* 649 F.Supp. 1023, 1031 (N.D.Ill.1986).